| | |
|---|---|
| ANTHONY BROOKS, | Case No.: 3:19-cv-00504-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 1-1 |
| WASHOE COUNTY PUBLIC DEFENDER, | |
| Defendant | |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Plaintiff, who is an inmate in custody of the Nevada Department of Corrections (NDOC), housed in Ely State Prison (ESP), has filed and pro se civil rights complaint under 42 U.S.C. § 1983. He alleges that he asked his assigned Washoe County Public Defender in his criminal cases to withdraw, and this was ignored even though he could afford to hire counsel, violating his rights. (ECF No. 1-1.)

A plaintiff filing a complaint in this court must either pay the filing fee or submit a completed in forma pauperis (IFP) application if he is unable to do so. 28 U.S.C. § 1915(a)(1); LSR 1-1.

If the plaintiff filing a complaint is an inmate and wishes to proceed IFP, he must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full $350 filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff did not pay the filing fee or submit a completed IFP application for an inmate. It seems Plaintiff may not qualify for IFP status in light of his allegation that he could afford to pay private defense counsel in his criminal cases; however, because that is not a certainty, the court will give Plaintiff an opportunity to either pay the $400 filing fee or submit a completed IFP application for an inmate and pay the $350 fee over time.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application or pay the full $400 filing fee.

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both

require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court has undertaken a preliminary review of Plaintiff's complaint and finds it is likely that Plaintiff's civil rights complaint under section 1983 would be dismissed with prejudice. This is because a claim under 1983 requires state action and the assigned public defender would not be a state actor when acting in the role of advocate. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).

In light of this, Plaintiff is reminded that if he elects to proceed with this action by paying the $400 filing fee or submitting an inmate IFP application paying the fee over time, the filing fee paid (either the $400 if non-IFP, or $350 over time as an IFP inmate) will **not** be refunded if his action is dismissed. If Plaintiff's intent was to assert a claim for ineffective assistance of counsel, he should alert the court, and this action will be dismissed so that Plaintiff may assert such a claim in a habeas action after exhausting applicable state remedies.

**IT IS SO ORDERED**.

Dated: August 22, 2019.

_____
William G. Cobb
United States Magistrate Judge