|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | ANTHONY BROOKS, | Case No.: 3:19-cv-00504-MMD-WGC |
| 4 | Plaintiff, | **Order** |
| 5 | v. | Re: ECF No. 1-1 |
| 6 | WASHOE COUNTY PUBLIC DEFENDER, | |
| 7 | Defendant. | |

Plaintiff, who is an inmate in custody of the Nevada Department of Corrections (NDOC), housed in Ely State Prison (ESP), has filed and pro se civil rights complaint under 42 U.S.C. § 1983. He alleges that he asked his assigned Washoe County Public Defender in his criminal cases to withdraw, and this was ignored even though he could afford to hire counsel, violating his rights. (ECF No. 1-1.)

A plaintiff filing a complaint in this court must either pay the filing fee or submit a completed in forma pauperis (IFP) application if he is unable to do so. 28 U.S.C. § 1915(a)(1); LSR 1-1.

If the plaintiff filing a complaint is an inmate and wishes to proceed IFP, he must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full $350 filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff did not pay the filing fee or submit a completed IFP application for an inmate. On August 22, 2019, the court entered an order giving Plaintiff 30 days to file his completed IFP application or pay the $400 filing fee. The court also advised Plaintiff that once either of those things were done, the court would screen the complaint. The court undertook a preliminary review of the complaint and found it was likely the civil rights complaint would be *dismissed with prejudice* because a claim under section 1983 requires state action and the public defender would not be a state actor when acting in the role of advocate. Thus, Plaintiff was advised that if he elected to proceed with the action by paying the filing fee or submitting his IFP application and paying the fee over time, the filing fee would **not** be refunded if his action is dismissed. He was further advised that if his intent was to assert a claim for ineffective assistance of counsel, he

should alert the court and bring such a claim in a habeas action after applicable state administrative remedies are exhausted. (ECF No. 3.)

Plaintiff filed a request for an extension and forms to obtain his financial certificate. (ECF No. 4.) The court ordered the Clerk to send Plaintiff the instructions and application to proceed IFP for an inmate, and gave Plaintiff until October 18, 2019, to file his completed IFP application or pay the full filing fee. (ECF No. 5.) On October 15, 2019, Plaintiff requested a 30-day extension to submit his financial certificate and IFP application. (ECF No. 8.) The request was granted, and Plaintiff was given until November 18, 2019, to file his financial certificate and IFP application. (ECF No. 9.) On October 30, 2019, Plaintiff filed a notice of compliance and enclosed his financial certificate. (ECF No. 11.)

On November 12, 2019, he filed a motion to add defendants Public Defenders Chris Fortier, Evelyn Grosenick, and Marc Picker. (ECF No. 13.) On November 18, 2019, he filed an amended formal complaint against the Washoe County Public Defender, Chris Fortier, Evelyn Grosenick, and Marc Picker. (ECF No. 14.)

While Plaintiff filed his financial certificate, he still did not file his IFP application that must accompany the financial certificate. The Clerk shall **SEND** Plaintiff, once again, the form IFP application for an inmate. Plaintiff has until January 12, 2020 to file his completed IFP application. **There will be no further extensions**. If Plaintiff does not file the completed IFP application or pay the filing fee by January 12, 2020 this case will be dismissed.

Plaintiff's motion to add Defendants (ECF No. 13) is **GRANTED**. Once Plaintiff files his completed IFP application (or if not, pays the filing fee), the court will screen the amended complaint (ECF No. 14) pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails

3

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

Again, the court has undertaken a preliminary review of Plaintiff's amended complaint and finds it is likely that Plaintiff's civil rights complaint under section 1983 would be dismissed with prejudice. This is because a claim under 1983 requires state action and the public defender would **not** be a state actor when acting in the role of advocate. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). While Plaintiff claims this was not the case, the allegations demonstrate that these defendants were in fact acting in their role as advocate (whether or not Plaintiff disagrees with their tactics employed or decisions made). In any event, the court will formally screen the amended complaint once the IFP application is filed or the filing fee paid.

In light of this, Plaintiff is reminded that if he elects to proceed with this action by submitting his inmate IFP application and paying the fee over time, the filing fee paid will **not** be refunded if his action is dismissed. As was previously noted, if Plaintiff's intent is to assert a claim for ineffective assistance of counsel, he should alert the court, and this action will be dismissed so that Plaintiff may assert such a claim in a habeas action after exhausting applicable state remedies.

**IT IS SO ORDERED**.

Dated: December 12, 2019.

William G. Cobb
United States Magistrate Judge

4