# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BROOKS,<br><br>    Plaintiff<br><br>v.<br><br>WASHOE COUNTY PUBLIC DEFENDER, et. al.,<br><br>    Defendants | Case No.: 3:19-cv-00504-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 11, 14, 18 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, an inmate proceeding pro se, has filed an application to proceed in forma pauperis (IFP) (ECF Nos. 11, 18,) and amended complaint (ECF No. 14).

It is recommended that Plaintiff's IFP application be granted, that Plaintiff be required to pay the $350 filing fee over time, and that this action be dismissed with prejudice.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $55.81, and his average monthly deposits were $16.50.

Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an initial partial filing fee in the amount of $11.16 (20 percent of $55.81). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

Plaintiff's amended complaint names Head Washoe County Public Defender, Deputy Public Defender Chris Fortier, Deputy Public Defender Evelyn Grosenick, and Deputy Public Defender Marc Picker. Plaintiff alleges that the defendants abandoned the duties of their jobs and entered into a conspiracy with the district attorney (not named a party) and judge (also not named

a party) to deprive Plaintiff of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments when they refused to withdraw from Plaintiff's case which he contends was required by Nevada Revised Statute 7.055 and Nevada Supreme Court Rule 166(4). He avers that he filed six motions to dismiss his counsel and sent the public defender two letters demanding withdrawal. He states that only after he filed a petition for writ of mandamus with the Nevada Supreme Court (which was transferred to the Nevada Court of Appeals) did the public defender actually withdraw. He contends that this caused a five-month delay in his post-conviction matters.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by *a person acting under the color of state law*. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983).

A claim brought under section 1983 requires a person acting under color of state law, and the public defenders that represented Plaintiff in his criminal case are not state actors when they act in their role as advocate. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). The court advised Plaintiff of this several times, and specifically warned him it was likely his

case would be dismissed because it did not involve state action, and that if that were the case, the filing fee he is required to pay over time as an IFP inmate litigant would not be refunded. (*See* ECF Nos. 3, 17.) Plaintiff elected to proceed, although he did file an amended complaint. While he includes a statement under each of the defendants' names in the amended complaint that they are not covered by immunity because they were not acting in the scope of advocate, the other allegations within the amended complaint contradict these statements. The crux of Plaintiff's amended complaint is that these public defenders refused to withdraw from his case and he was forced to seek relief from the state court to ultimately get them to withdraw.

In *Polk County v. Dodson*, 454 U.S. 312 (1981), a pro se inmate brought a section 1983 action in federal court asserting that his public defender failed to adequately represent him in a state court appeal of his criminal conviction. 454 U.S. at 314. The attorney had moved to withdraw as counsel on the basis that the claims were frivolous. *Id*. The motion was granted, and the appeal was dismissed. *Id*. at 315. The 1983 action alleged that the withdrawal deprived him of his right to counsel, denied due process, and subjected him to cruel and unusual punishment. The Supreme Court held that the lawyer, when acting in traditional adversarial role and exercising independent professional judgment to withdraw in a criminal proceeding, was not a state actor. *Id*. at 324-25. It is not whether the lawyer is "in fact exercising 'independent judgment[,]'" but whether the lawyer is acting in the "traditional lawyer role" that governs. *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003) (citing *Dodson,* 454 U.S. at 324-25; *Georgia v. McCollum,* 505 U.S. 42 (1992)).

Examples of when a public defender may be found to not be acting in that role include making hiring and firing decisions on behalf of the state, *Branti v. Finkel*, 445 U.S. 507 (1980), and performing certain administrative and possibly investigative functions, *Dodson*, 454 U.S. at

325 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31, n. 33 (1976)); *Vermont v. Brillon*, 556 U.S. 81, 91, n. 7 (2009); *Miranda*, 319 F.3d 465 (claim against administrative head of county public defender's office that determined overall allocation of office resources could proceed under section 1983).

Here, the decision whether or not to withdraw from representation of a criminal defendant would come under the traditional adversarial role under *Dodson*. Therefore, Plaintiff's claims against Fortier, Grosenick, and Picker should be dismissed with prejudice.

Plaintiff does not allege there was a policy by the public defender's office to refuse to withdraw from cases. In fact, there are no allegations specifically directed against the head public defender. Instead his allegations invoke the specific conduct of each of deputy public defenders in refusing to withdraw. Therefore, there is no basis for a claim against the head public defender. *See Miranda,* 219 F.3d at 466,469-71 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), *City of Canton v. Harris*, 489 U.S. 378 (1989), *Dodson*, 454 U.S. 312).

For these reasons, it is recommended that this action be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF Nos. 11, 18); however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $11.16, within thirty days of the entry of any order adopting and accepting this Report and Recommendation. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND**

7

a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The action should be **DISMISSED WITH PREJUDICE**.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 27, 2019

_William G. Cobb_
William G. Cobb
United States Magistrate Judge