UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY BROOKS,

Plaintiff,

v.

WASHOE COUNTY PUBLIC DEFENDER, *et al.*

Defendants.

Case No. 3:19-cv-00504-MMD-WGC

ORDER

Plaintiff Anthony Brooks is an incarcerated person who has filed this civil rights action *pro se* against his former public defenders for refusing to withdraw as his counsel in his criminal case. Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 20) ("R&R"), recommending that Plaintiff's *in forma pauperis* ("IFP") application (ECF Nos. 11, 18) be granted and that this action be dismissed with prejudice. Plaintiff filed an objection to the R&R (ECF No. 21). For the reasons discussed below, the Court will overrule Plaintiff's objection and adopt the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to

1 | which no objections were made); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Plaintiff's objection to the R&R, this Court has engaged in a *de novo* review to determine whether to adopt the R&R. Judge Cobb recommended granting Plaintiff's IFP application (ECF Nos. 11, 18) because Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $55.81, and his average monthly deposits were $16.50. (ECF No. 20 at 2). Judge Cobb also recommended that this action be dismissed with prejudice because Defendants did not act under color of state law, as required for a claim under section 1983. (*Id.* at 4-7.) *See Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981). In fact, Judge Cobb repeatedly warned Plaintiff of this. (*See* ECF Nos. 3, 17.)

Plaintiff's sole objection is that the Court should dismiss his IFP application "to not monetarily penalize him." (ECF No. 21.) Contrary to Plaintiff's misunderstanding, 28 U.S.C. § 1915(b)(1) requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner *shall be required* to pay the full amount of a filing fee" (emphasis added). Plaintiff has already filed this civil action and is therefore required to pay the full filing fee of $350.00—regardless of whether the IFP application is granted.[1]

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 20) is accepted and adopted in its entirety.

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 18) without having to prepay the full filing fee is granted. Plaintiff is not required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

---

[1] The Court will note for Plaintiff's benefit that, absent an IFP application, Plaintiff would have been required to prepay the entire $400 fee for filing a civil action, which includes a $350 filing fee and a $50 administrative fee. If an IFP application is granted, the Plaintiff would only be required to pay the $350 filing fee in *installments* but not the $50 administrative fee—which is waived.

2

1     It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Anthony Brooks, #1148101 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

    It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

    It is further ordered that all claims in the Amended Formal Complaint (ECF No. 14) are dismissed with prejudice.

    It is further ordered that the Clerk of the Court shall enter judgment accordingly and close this case.

DATED THIS 27th day of January 2020.

MIRANDA M. DU  
CHIEF UNITED STATES DISTRICT JUDGE